## N. H. MUTUAL FIRE INSURANCE COMPANY v. NOYES.

The beneficial contracts of infants are voidable only, and may be ratified by them after arriving at maturity, by express agreement, or by positive acts, equivalent thereto.

Mere inaction can never be construed into a ratification of the contract of a person's minority, unless, after arriving at full age, he shall be in possession, by virtue of such contract, of something valuable, the retention of which may properly be regarded as an election to appropriate the results of the contract to his own personal and pecuniary benefit.

A contract for the insurance of his property against loss or damage by fire, is not a contract for necessaries which will bind the infant absolutely.

ASSUMPSIT on the premium note of the defendant for the sum of forty dollars, made December 7, 1847, payable to the plaintiffs, in such portions and at such times as their Directors might, agreeably to the act of incorporation, require.

The plea was infancy ; to which the plaintiffs replied, first, that the defendant, after he became of age, ratified and confirmed his promise ; and secondly, that the note declared on was given for necessaries. Issue was joined upon both, and the case submitted for decision upon an agreed statement of facts, substantially as follows :

The defendant was born in August, 1829 ; a policy of insurance, for which the note in suit was given, was issued by the plaintiffs to the defendant, December 7, 1847, insuring the sum of two hundred dollars on the defendant's stock of goods for six years. Assessments were made and due notice thereof given to the defendant as follows : September 25, 1848, $1.90 ; August 27, 1849, 3.20 ; August 26, 1850, $2.80 ; September 29, 1851, $10.00 ; October 25, 1852, $3.20 ; and September 25, 1854, $1.20 ; and the policy was never surrendered to the plaintiffs. None of the assessments were ever paid. By the plaintiffs' charter, an alienation of the property insured vacated the policy thereon. On the 7th day of June, 1848, the defendant sold the goods on which the policy of insurance attached, to his brother, Silas E. Noyes, but made no assignment of the policy to

him, although by the charter the policy might have been assigned, with the assent of the plaintiffs.

*Tappan*, for the defendant, took the following positions :

1. The promissory note of an infant is void.

2. There was no ratification after the defendant came of age. There is no express promise, and nothing that amounts to one. *Hale* v. *Gerrish*, 8 N. H. 374.

The fact that the policy has not been surrendered cannot constitute an affirmance or ratification of the contract. The goods on which the policy attached were sold during the defendant's minority, and he has therefore had no benefit of the policy since coming of age ; and the fact of its being retained, under the circumstances, cannot be construed into an intention by the defendant to ratify the contract. There is no act indicating an election to treat the contract as valid, and no affirmance can fairly be implied. *Aldrich* v. *Grimes*, 10 N. H. 197 ; *Hale* v. *Gerrish*, 8 N. H. 374.

But by the terms of the charter the policy was absolutely void upon alienation of the property, and could not, therefore, be ratified.

3. The contract of insurance does not come within the definition of necessaries, as laid down in any of the books, nor within the principle and reason of the doctrine on that subject.

*H. A. Bellows*, for the plaintiffs.

The sale of the property insured did not discharge the liability of the defendant on his note. That still continued until the policy was discharged. *By-Laws*, Art. 12.

The contract must then be regarded as subsisting, unless affected by the infancy.

The contract for insurance was for six years from December 7, 1847. The defendant was twenty-one years of age in August, 1850, and from that time until the expiration of the policy in December, 1853, did nothing to rescind the contract, although there was peculiar reason for doing so, as by the stipulation on

his part, the by-laws being part of the contract, he was bound to pay assessments until he surrendered the policy. The omission to do this might justly be considered a ratification of his promise, especially as it is necessary that the directors should know what notes to assess. The promise was only voidable, and it was clearly in his power to ratify it after he was of age, just the same as if he had not sold the property. And we hold that, under the circumstances, the neglect to discharge his contract for so long a period after he became of age, is a ratification of it. 2 Kent's Com. 237; *Holmes* v. *Blogg*, 8 Taunton 35, where it was held there must be notice of disaffirmance in a reasonable time. *Kline* v. *Beebe*, 6 Conn.

Where the infant had given a note for land, which he had quitclaimed before he came of age, held that he was bound unless he disaffirmed in a reasonable time. *Redfield*, J., in *Richardson* v. *Bright*, 9 Vt. 368.

The doctrine of the necessity of a disaffirmance is fully discussed and adopted by *Prentiss*, J., in *Bigelow* v. *Kenney*, 3 Vt. 353.

Where an infant took the note of a third person in pay for his work, and kept it eight months after he became of age, and then the maker failed and he offered to return it, held that he could not do so. *Delano* v. *Blake*, 11 Wendell 85.

We say, then, that a confirmation is to be presumed in this case, from his tacit assent under circumstances not to excuse his silence. 2 Kent's Com. 238; see, also, *Boody* v. *McKinney*, 23 Maine 517; *Boyden* v. *Boyden*, 9 Metcalf 519.

If an infant on attaining full age does not notify his disaffirmance of a partnership formed during his minority, he is liable to persons trusting the firm after that time. Chitty on Contracts 33, and cases; *Lawson* v. *Lovejoy*, 8 Greenleaf 405; 9 U. S. Digest 278, sec. 7.

Again: the contract was for necessaries, and though in the form of a note, it is substantially only a promise to pay the legal assessments, and the plaintiff may recover the value of the necessaries. *Earle* v. *Reed*, 10 Met. 387.

*Necessaries* are such things as are useful and suitable to the

party's state and condition in life, and not merely such as are requisite for bare subsistence. So regimentals, being for captains' servants, and a horse, are held necessaries. 2 Greenl. Ev., § 365; 1 Comyn on Contracts 142, 3; 8 Term 578.

So an admittance fine. *Evelyn* v. *Chichester,* 3 Burr. 1717; *Kiston* v. *Elliot,* 2 Bulstrode 69.

So he may bind himself for horses, jewelry and lodgings. Story on Contracts, § 77, 78.

So horses and necessary work in regard to such horses may be necessaries. Chitty on Contracts 32, and cases; 2 Starkie's Ev. 724, 725.

Although the infant may not be liable for goods purchased for the purpose of carrying on a trade, yet he may own both real and personal estate, and the insurance of such property against fire may well be regarded as necessaries. It is so regarded by all prudent men, and such contracts may properly be considered as made for the infant's benefit.

FOWLER, J. The pleadings and agreed statement of facts present two distinct questions for consideration; first, was there, in the circumstances stated, such a ratification by the defendant, after he became of age, of his premium note, or the contract of insurance, as amounted to a new promise to pay it; and secondly, is a contract for a policy of insurance a contract for necessaries, such as will bind the infant absolutely.

The subject of the ratification of his contract by an infant after arriving at maturity, has heretofore been pretty fully considered in this State, in the cases of *Hale* v. *Gerrish,* and *Aldrich* v. *Grimes,* cited by the defendant's counsel. It seems to be the doctrine of these, and the tendency of most of the later decisions, that the contract of an infant, where it might be for his benefit, is not absolutely void, but voidable at the election of the infant, and that it may be ratified and made valid by the acts of the infant after attaining full age.

As to what acts will amount to a ratification of the contract in this class of cases, *Upham,* J., in delivering the opinion of

the court in *Hale* v. *Gerrish*, 8 N. H. 376, says : "This ratification must either me a direct promise, as by saying, ' I ratify and confirm,' or, ' I agree to pay the debt,' or by positive acts of the infant, after he has been of age a reasonable time, in favor of his contract, which are of a character to constitute as perfect evidence of a ratification as an express and unequivocal promise."

This seems the true rule on this subject, clearly and unequivocally expressed, and by it the first question in this case is decisively settled in the negative. There is nothing in the agreed statement of facts as to the conduct of the defendant, after he became of age, in relation to his insurance by the plaintiffs, which approximates to what is necessary to bring this case within the rule. There is no claim of any express promise, and the alleged acts of ratification are entirely of a negative character. There is no positive act in favor of the contract, much less any of that express and decided character which would constitute perfect evidence of a ratification, such as would be equal to an express and unequivocal promise. The defendant has done nothing in relation to his contract. He seems to have remained entirely passive until called upon in this suit, when he availed himself of the plea of infancy in avoidance of his assumed liability. This is as far as possible removed from that positive action in favor of his contract, indispensable to make it valid and binding.

But the plaintiffs contend that the defendant was bound, on coming of age, to give notice of his disaffirmance of the contract in a reasonable time, otherwise he is to be considered as having affirmed it. If there be any such general rule as that for which the counsel contends, it can be applicable only in those cases where the infant, after coming of age, is in possession, by virtue of the contract of his minority, of something of value to him, the retaining of which might justly be construed as an election to appropriate the fruits of that contract to his own personal and pecuniary advantage. Such is not the condition of things under consideration. Long before arriving at maturity the defendant transferred and sold the property insured, so that by its

own terms the policy became absolutely null and void, of no possible value to him, or validity against the plaintiffs. He did not attempt in any way to avail himself of it, as he might have done by assigning it to the purchaser of his goods.

We are, therefore, clearly of opinion that there is nothing in the acts of the defendant after he became of age which can properly be regarded as such an affirmance of the contract of insurance as to make it legally binding upon him.

The remaining question we have carefully considered. For, as has been well suggested by the plaintiff's counsel, although an infant might not be liable to pay for the goods constituting his stock in trade, yet, having the goods, and being so engaged in trade, it would manifestly be for his interest, and would seem almost necessary for the security of his property, that it should be insured against loss or damage by fire. But it is evident from the most cursory examination, that the contract being advantageous or disadvantageous to the infant or his estate, furnishes no reliable test on the point, as to whether or not the subject matter of such contract is properly included within the term necessaries. Very many things can be mentioned, the acquisition of which must undoubtedly have been beneficial to the infant or his estate, contracts for which have been repeatedly and uniformly holden voidable, at the election of the infant.

In *Phelps* v. *Worcester*, 11 N. H. 51, it was holden that the services and expenses of counsel in carrying on a suit to protect the infant's title to his estate, could not be regarded as necessaries, and that the infant's liability for them might be avoided, even under an express promise to pay for them. *Upham*, J., in pronouncing the opinion of the court, remarked—" The inquiry has been made, if there had been no guardian, and the infant were without aid, whether he might not employ others to protect his rights to his property, and be legally holden, notwithstanding the interposition of his minority. We think clearly not. Though such services may promote the sound interests of the ward [infant ?] they are not such assistance as comes within the term necessaries. Lord *Coke* considers the necessaries of the

infant to include victuals, clothing, medical aid, and good teaching or instruction, whereby he may profit himself afterwards. Coke Lit. 172, *a.* Such aid concerns the person and not the estate, and we know of no authority which goes beyond this."

Now, if the services and expenses of counsel in protecting the property of an infant, are not necessaries, on what principle can it be contended that the insurance of that property against loss by fire can be ? The object is the same in both cases—the protection and security of the infant's property ; and instances can readily be conceived where the services of learned and experienced counsel might be quite as valuable and important as any contract of insurance. The test of beneficiality, then, cannot be relied on as determining whether or not a thing is to be reckoned among necessaries.

But it seems to us the suggestion in the case last cited, that necessaries concern the person and not the estate, furnishes the true test on this subject. Although there may be isolated cases where a contrary doctrine has obtained, we apprehend the true rule to be, that those things, and those only, are properly to be deemed necessaries, which pertain to the becoming and suitable maintenance, support, clothing, health, education and appearance of the infant, according to his condition and rank in life, the employment or pursuit in which he is engaged, and the circumstances under which he may be placed as to profession or position. Coke Lit. 172, *a ; Whittingham* v. *Hill,* Cro. Jac. 494 ; *Ive* v. *Chester,* Cro. Jac. 560.

If this be so, then matters which pertain only to the preservation, protection, or security of the infant's property, are excluded from the list of necessaries, however beneficial. Whatever relates to his property is the legitimate business of a guardian, and if transacted by the infant may be avoided at his election.

Such are our convictions of the proper limit of the validity of the contracts of infants. Any other limitation would, it seems to us, lead to an almost interminable variety of decisions on this subject, and tend to destroy those safeguards which the wisdom of the law has established to protect the inexperience and cre-

Eaton *v.* Welton.

dulity of youth against the wiles and machinations of designing men.    We are satisfied that the principle of the adjudged cases does not require, nor would sound policy justify our holding, that a contract, made by a minor for the protection or preservation of his property by insurance against fire, is a contract for necessaries, within the legal acceptation of that term, however judicious or beneficial such contract might ordinarily be regarded.

Had we arrived at a different conclusion on the last point, the question might have arisen, whether this action could be maintained on the present declaration, the only count in the writ, so far as appears, being upon the note, which is avoided by the plea of infancy, the same not having been ratified by the defendant after he became of age.    The result to which we have come, however, renders it unnecessary to enter upon this inquiry.

According to the provisions of the agreed case, there must be

*Judgment for the defendant.*